IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-354-FL

| | | |
|---|---|---|
| K.C. et al., individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | ORDER |
| LANIER CANSLER, in his official capacity as Secretary of the Department of Health and Human Services, et al., | ) ) ) ) ) | |
| Defendants. | ) | |

This matter comes before the court on Plaintiffs' *Motion to Place Documents Under Seal* [DE-50]. Defendants have not filed a response to Plaintiffs' motion. The motion is ripe for ruling and Judge Flanagan has referred the motion here for disposition[1]. The documents at issue include three affidavits [DE-43, 44, 45] filed by Defendant PBH in its response to Plaintiffs' motion to disqualify counsel.

Section T(1)(a)(1) of this court's Electronic Case Filing Administrative Policies and Procedures Manual ("Policy Manual") provides as follows:

> Except for motions filed under seal in accordance with Section T(1)(a)7 of this Policy manual, each time a party seeks to file under seal, said party shall accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute or rule (federal, local or standing order) that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:
>
> (i) the exact document or item, or portions thereof, for which filing under

---

[1] Also before the undersigned is Plaintiffs' *Motion to Disqualify Counsel* [DE-27] which will be addressed separately in a memorandum and recommendation.

seal is requested;

    (ii) how such request to seal overcomes the common law or the First Amendment presumption to access;

    (iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

    (iv) the reasons why alternatives to sealing are inadequate; and

    (v) whether there is consent to the motion.

**In addition to the motion and supporting memorandum, the filing party must set out such findings in a proposed order to seal, which should be submitted in accordance with Section M of this Policy Manual.**

Eastern District of North Carolina Electronic Case Filing Administrative Policies and Procedures Manual § T(1)(a)1 (Rev. Jan. 25, 2010) (emphasis in original) available at http://www.nced.uscourts.gov/cmecf.

Plaintiffs did not follow the requirements of the Policy Manual in filing their motion. In their motion to seal, Plaintiffs did not cite a statute or rule requiring the affidavits to be sealed. Plaintiffs were therefore required to file a supporting memorandum that meets the specific requirements set forth in the Policy Manual. While Plaintiffs have filed a supportive legal memorandum and the court recognizes Plaintiffs' compelling argument in its brief, Plaintiffs have not addressed directly several of the items particularized in the Policy Manual. Requiring this input from Plaintiff is not a hyper-technical application of the court's Policy Manual. Indeed, Plaintiffs' motion requests that the court seal three exhibits, parts of which appear to be material filed unsealed in a separate but purportedly related case, thereby directly calling into question whether there are alternatives to sealing the exhibits in their entirety. Moreover, the Policy Manual specifies the contents of the supporting memorandum requirement so that the

2

court may comply with Fourth Circuit precedent when ruling on motions to seal. See Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988) (explaining that prior to sealing court documents, a district court must first determine the source of the public's right to access to the documents: the common law or the First Amendment); In re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir. 1984) (explaining the procedures a district court must comply with prior to ordering that documents be sealed, including making specific findings about why sealing is necessary and why less drastic alternatives to sealing will not suffice). The parties must comply with the requirements set forth in the Policy Manual, so in turn this court may comply with Fourth Circuit precedent. Because the court does not have sufficient information to evaluate whether the exhibits covered by the motion should be filed under seal, the burden will be placed on the parties to address the issue.

Plaintiffs' motion is DENIED WITHOUT PREJUDICE. The exhibits [DE-43, 44, 45] presently under provisional seal shall remain provisionally sealed for a period of 14 days or, if a motion to seal is filed, until further order. Within 14 days of this order, the parties are directed to review the sealed entries on the docket, and within that time, Plaintiffs and/or Defendants may file a motion to seal. Any such motion must specifically reference the docket entry number and/or the attachment number to that docket entry. Unless the motion relies on Fed. R. Civ. P. 5.2 (which the motion shall state), a memorandum of law must be filed contemporaneously with any motion to seal in accordance with Local Civil Rule 79.2 and the Policy Manual § T(1)(a). Any response to a motion shall be filed within 10 days after service of the motion. If a motion to seal is not timely filed as to any exhibit, the Clerk is DIRECTED to unseal that exhibit.

3

So ordered, this the 2nd day of December, 2011.

                                      Robert B. Jones, Jr.
                                      United States Magistrate Judge