IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-354-FL

| | |
|---|---|
| L.S., a minor child, by and through his father and next friend, Ron S.; K.C., a minor child, by and through his mother and next friend, Africa H.; ALLISON TAYLOR JONES; D.C., a minor child, by his mother and next friend, Penny C., and M.S., a minor child, through his parent and natural guardian, Rachelle S.,[1]<br><br>        Plaintiffs,<br><br>  v.<br><br>LANIER M. CANSLER, in his official capacity as Secretary of the Department of Health and Human Services; PAMELA SHIPMAN, in her official capacity as Area Director of Piedmont Behavioral Health Care Area Mental Health, Developmental Disabilities, and Substance Abuse Authority; and PIEDMONT BEHAVIORAL HEALTHCARE AREA MENTAL HEALTH, DEVELOPMENTAL DISABILITIES AND SUBSTANCE ABUSE AUTHORITY doing business as PBH,<br><br>        Defendants. | ORDER |

      This matter comes now before the court on the third party motion to intervene as plaintiff in this action (DE # 55) by M.S., a minor child, through his parent and natural guardian Rachelle S., pursuant to Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure. Defendants have responded. Defendant Lanier M. Cansler ("defendant Cansler") opposes the motion, and defendants Pamela

---

[1] In light of the court's decision to allow M.S.'s motion to intervene, the court adds M.S. to the case caption of this matter. The Clerk is DIRECTED to conform the docket accordingly.

Shipman ("Shipman") and PBH (together "defendant PBH") neither oppose nor consent to the motion. M.S. has filed reply. In this posture, the issues raised are ripe for review. For the following reasons, the court grants the motion and allows M.S. to intervene as plaintiff in this action.

## STATEMENT OF THE CASE

Plaintiffs filed complaint as a putative class action on July 5, 2011. Plaintiffs allege violation of due process protections with respect to alteration of Medicaid benefits and seek preliminary and permanent injunctions. On August 24, 2011, plaintiffs filed motion for preliminary injunction. On August 29, 2011, plaintiffs filed their first motion to certify class.

On August 23, 2011, before filing the aforementioned motions, plaintiffs filed motion to disqualify counsel. On September 7, 2011, of its own initiative, the court stayed the time for defendants to respond to the motions for preliminary injunction and to certify class, pending the court's decision on plaintiffs' motion to disqualify counsel. Said motion is currently being considered by the court.

On October 21, 2011, interested party M.S. filed the instant motion, seeking to intervene pursuant to Rule 24(b)(1)(B). To promote the continued efficient administration of this case, the court now turns now to this motion.

## COURT'S DISCUSSION

Rule 24(b) of the Federal Rules of Civil Procedure provides for permissive intervention of parties. Rule 24(b)(1)(B) states that on timely motion, the court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The court enjoys substantial discretion over allowing or rejecting motions to intervene under Rule 24(b). Hill v. Western Elec. Co., 672 F.2d 381, 385-86 (4th Cir.

1982); Black v. Central Motor Lines, Inc., 500 F.2d 407, 408 (4th Cir. 1974).

Rule 24(b)(3) provides that in exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. The rule itself is silent as to what constitutes a "timely" motion for intervention. The Fourth Circuit has noted that to determine whether an application for intervention is timely, the following factors should be examined: how far the suit has progressed, the prejudice that delay might cause other parties, and the reason for the tardiness in moving to intervene. See Scardelletti v. Debarr, 265 F.3d 195, 202-03 (4th Cir. 2001), reversed on other grounds by Devlin v. Scardelletti, 536 U.S. 1 (2002) (citations omitted).

At least one circuit has laid out various factors for the trial court to consider after it has determined that the initial conditions for permissive intervention under Rule 24(b) have been met. While these factors do not control the court's analysis, they include the nature and extent of the intervener's interest, the intervener's standing to raise relevant legal issues, the legal position the intervener seeks to advance, and its probable relation to the merits of the case. Spangler v. Pasadena City Bd. of Ed., 552 F.2d 1326, 1329 (9th Cir. 1977). The court may also consider whether changes have occurred in the litigation so that intervention that was once denied should be reexamined, whether the interveners' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit. Id.

None of the parties dispute the fact that M.S.'s complaint in intervention raises common issues of law and fact to those raised in the original plaintiffs' complaint. In fact, defendants' responses, to the extent they oppose the instant motion, state that because M.S.'s claims are so

3

similar to other plaintiffs', he would be adequately represented by the named plaintiffs if class certification is allowed, and therefore intervention is premature and unnecessary. (See, e.g., Def. Cansler's Resp. 3.) The facts alleged in M.S.'s complaint in intervention are similar to the facts alleged in plaintiffs' complaint.[2] As an example, like other plaintiffs', M.S. claims that defendant PBH reduced his Support Intensities Scale ("SIS") score even though his needs did not change. M.S.'s mother claims that defendant PBH failed to tell her that she could challenge or appeal the SIS score. Similarly, M.S. also alleges the same legal claims as other plaintiffs', specifically the due process violations claimed to have occurred in the calculation of the SIS score and the subsequent reduction in benefits. (Compl. in Intervention ¶¶ 30-63, 76-102). To the extent defendants argue that M.S.'s motion to intervene is premature because his interests could be represented by the class, such argument is unconvincing at this stage, where the court has not yet ruled on the motion for class certification.

In addition, M.S.'s complaint in intervention includes new allegations of fact not contained in the plaintiffs' original complaint. (See Compl. in Intervention ¶¶ 44, 47, 61, 62.) While new, these allegations are closely tied to the allegations in plaintiffs' original complaint. These allegations include claims that defendant PBH sent misleading letters regarding the previous base budget for waiver participants, a claim that defendant PBH never publicly explained the basis by which it determined the maximum base budget assigned to each Supports Needs Matrix category, a claim that defendant PBH has circumvented due process by engaging in a practice of acting as the

---

[2] Defendant PBH notes in its response that it disputes the accuracy and veracity of many of the factual allegations contained in the declarations accompanying M.S.'s motion to intervene, and expressly reserves the right to challenge the substance of the declarations in its response to the motion for preliminary injunction. Nothing in the instant order shall be construed as a finding of fact by the court, and the court expressly acknowledges all defendants' right to oppose the allegations in the complaint in intervention and supporting documentation when responding to the motion for preliminary injunction and motion to certify class.

court-appointed legal guardian for many Innovation Waiver participants, and that defendant PBH circumvented due process by creating an environment in which waiver participants and their families feared retaliation if they challenged defendant PBH's decisions. (See id.) These new claims, which are closely related to other plaintiffs' claims, support M.S.'s argument that his interests might not be adequately represented by the other named plaintiffs, and support intervention.

Lastly, the court looks at the potential prejudice to the parties. As to timeliness, considering the present procedural posture of the case, the court finds that M.S.'s motion to intervene was timely. The motion was made only a few months after the filing of the original complaint. Delay occurred because M.S.'s mother and guardian was unaware of the instant matter until late September 2011. (Decl. of Rachelle S. ¶ 32.) Additionally, due to the court's decision to stay the response time for plaintiffs' motions for preliminary injunction and for class certification, defendants' response time for those motions has not yet passed. Other efficiencies reveal themselves in the fact that M.S. is represented by the same legal counsel as the original plaintiffs, and M.S.'s brief reveals that the original plaintiffs have no objection to intervention and are willing to submit joint pleadings and briefs. (Mot. Intervene 6.)

Furthermore, where allowing the intervention of M.S. could provide for a more thorough consideration of the class certification question, cf. McBroom v. Western Elec. Co., 1974 WL 156, *3 (M.D.N.C. 1974), as well as provide for more thorough briefing of the issues pertinent to class certification and preliminary injunction by the parties, the court finds that neither undue delay nor undue prejudice will accrue from allowing M.S.'s motion. The court's conclusion is bolstered by the fact that defendant PBH does not oppose M.S.'s motion, and though defendant Cansler opposes the motion, he also acknowledges that the decision to permit the intervention is within the court's

5

discretion.

Accordingly, for the foregoing reasons, the court allows M.S.'s motion to intervene as plaintiff in this matter.

## CONCLUSION

For the foregoing reasons, interested party M.S.'s motion to intervene as plaintiff in this matter (DE # 55) is ALLOWED. Where the motion to disqualify counsel still remains before the court for decision, the deadlines for defendants to respond to the motion for preliminary injunction and first motion to certify class remain stayed. When decision is reached on the motion to disqualify counsel, the court shall promptly institute deadlines for defendants to respond to said pending motions. The Clerk is DIRECTED to conform the docket in accordance with the court's direction in footnote 1 of this order.

SO ORDERED, this the 5th day of December, 2011.

_____
LOUISE W. FLANAGAN
United States District Judge