IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| K.C., a minor child, by his mother and next friend Africa H.; ALLISON TAYLOR JOHNS; L.S., a minor child, by his father and next friend Ron S.; and D.C., a minor child, by his mother and next friend Penny C.; and M.S., a minor child, by and through his next friend, Rachelle S., <br><br> Plaintiffs, <br><br> vs. <br><br> LANIER CANSLER, in his official capacity as Secretary of the Department of Health and Human Services; PAMELA L. SHIPMAN, in her official capacity as Chief Executive Officer of PBH; and PBH, <br><br> Defendants. | Civil Action No. 5:11-cv-354-FL <br><br><br> **DEFENDANTS PAMELA L. SHIPMAN AND PBH'S INITIAL RESPONSE TO CERTAIN PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER [D.E. 70]** |

Defendants Pamela L. Shipman ("Shipman") and PBH (together, the "PBH Defendants"), by and through their undersigned attorneys, respectfully submit the following initial response to Plaintiffs K.C., D.C., and M.S.'s Motion for Temporary Restraining Order with respect to the procedural aspects of said Motion, and respectfully reserve the right to file a fuller response on the merits of said Motion at the direction of the Court.

Certain Plaintiffs' request for a telephone conference with the Court regarding their Motion for Temporary Restraining Order during the week of December 26, 2011 should be denied for the following reasons:

- The Court has already considered and denied Plaintiffs' request for temporary injunctive relief.

- Plaintiffs currently have a Motion for Preliminary Injunction before the Court, the briefing on which has been stayed by the Court in order to first address Plaintiffs' earlier-filed motion to disqualify counsel for the PBH Defendants.

- There is no new or changed basis for the instant motion that was not already contained in Plaintiffs' Motion for Preliminary Injunction, which is presently stayed. *Compare* Plaintiffs' Motion for Preliminary Injunction [D.E. 31, p. 1] ("Defendants reduced the remaining named Plaintiffs' services effective July 1, 2012 *and intend to further reduce their services effective January 1, 2012 . . .* ") with the instant Motion ("Defendants now intend to further reduce these Plaintiffs' services by significant amounts effective January 1, 2012 . . . " [D.E. 70, p.1].

- Although by their own admission the moving Plaintiffs have all known about the planned January 1, 2012 reduction in their Support Needs Matrix budgets since at least March 2011, the Plaintiffs waited until the evening of December 20, 2011 to bring the instant motion. The moving Plaintiffs waited to bring the instant motion until a time immediately prior to the Christmas holiday, when the PBH Defendants' offices will be closed.

**A. The Court Has Already Denied Plaintiffs' Request for Temporary Injunctive Relief.**

Plaintiffs filed their Complaint in this action July 1, 2011 [D.E. 1], in which the Plaintiffs sought temporary, preliminary, and permanent injunctive relief. In order to comply with the Local Rules requiring pleadings to redact or alter the names of minor children, Plaintiffs re-filed their Complaint on July 5, 2011 [D.E. 6] in which they sought the same relief. Although Plaintiffs did not file a Motion for Temporary Restraining Order with or in the 10 days after

filing their Complaint, the Court took up consideration of Plaintiffs' request for temporary injunctive relief in its July 12, 2011 Order. [D.E. 19]. The Court found that the Plaintiffs had not met the requirements for temporary injunctive relief set out in *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008). The Court noted that as alleged in the Complaint, "all plaintiffs are continuing to receive services, albeit with reduced budgets . . . " [D.E. 19, p. 3]. The Court denied Plaintiffs' request for temporary injunctive relief.

**B. Plaintiffs Have Already Filed Their Motion for Preliminary Injunction, on which the Court has Stayed the Briefing.**

On August 24, 2011, Plaintiffs filed a Motion for Preliminary Injunction and materials in support of the same. [D.E. 31]. On the day before, however, Plaintiffs had filed a Motion to Disqualify Counsel with respect to certain counsel of record for the PBH Defendants. [D.E. 23]. On September 6, 2011, the Court entered an Order staying the briefing on the motion for preliminary injunction and Plaintiffs' Motion for Class Certification, "turning its attention to the plaintiffs' motion to disqualify counsel." [D.E. 39].

Briefing on Plaintiffs' Motion for Preliminary Injunction remains stayed while the Court continues to consider plaintiffs' motion to disqualify counsel. Presently, the motion to disqualify counsel is pending before Magistrate Judge Jones for a memorandum and recommendation. *See* D.E. 66, p.1, fn.1.

On December 5, 2011, the Court entered an Order allowing M.S. to intervene as a plaintiff in this action. [D.E. 67]. In that Order, the Court concluded, in pertinent part:

> Where the motion to disqualify counsel still remains before the court for decision, the deadlines for defendants to respond to the motion for preliminary injunction and first motion to certify class remain stayed. When decision is reached on the motion to disqualify counsel, the court shall promptly institute deadlines for defendants to respond to said pending motions.

*Id.* at p. 6.

**C. The Instant Motion is an Improper Attempt to Circumvent the Court's Stay of the Briefing on Plaintiffs' Motion for Preliminary Injunction.**

Although the Court has stayed briefing on Plaintiffs' Motion for Preliminary Injunction, and as recently as two weeks ago re-affirmed that the briefing on said motion would remain stayed until the Court had resolved Plaintiffs' Motion to Disqualify Counsel (in effect, deciding whether the PBH Defendants can continue to be represented in this action by their selected counsel), the moving Plaintiffs now seek to circumvent the Court's stay with the instant motion. However, there is nothing new or changed since the Court re-affirmed the stay of the briefing on preliminary injunction that would justify a temporary restraining order.

The stated basis for the moving Plaintiffs' instant motion is that "Defendants *now intend* to further reduce these Plaintiffs' services by significant amounts effective January 1, 2012 . . ." [D.E. 70, ¶ 1] (emphasis added). However, this is not a new or recently announced action of the Defendants; indeed, it mirrors the stated basis for Plaintiffs' motion for preliminary injunction. "Defendants reduced the remaining Plaintiffs' services effective July 1, 2011 *and intend to further reduce their services effective January 1, 2012 . . .* " [D.E. 31, ¶ 2]. Further, by the moving Plaintiffs own admission, they have known about the planned January 1, 2012 reduction in their respective Support Needs Matrix budgets since at least March 2011:

> Effective January 1, 2012, Defendants will execute another wave of service reductions, as required by the same undated notices mailed in March 2011 which required the July 1, 2011 reductions. *See. e.g.*, Dec. of Penny C. Exh. G; Dec. of Rachelle S. Exh H.; Dec of Africa Heath Ex. G.

[D.E. 71, p. 1].[1] As noted above, these planned reductions formed the core basis for the Plaintiffs' request for temporary injunctive relief in their Complaint, and the core basis for Plaintiffs' motion for preliminary injunction.[2]

---

[1] The undated March 2011 letters have been previously filed with the Court at D.E. 31-41, 31-68, and 52-11. All of these exhibits clearly show each of these Plaintiffs' "Base Budget" for the prior planning period, their respective SNM Category and Category Budget, and how each Plaintiff will be "phased in to this new SNM Category Budget" in various steps, with the first step occurring in July 2011, the next in January 2012, and so on.

[2] The PBH Defendants strongly reject Plaintiffs' characterization of these reductions in the Plaintiffs' Support Needs Matrix budgets as "service reductions," as PBH does not provide any of the Plaintiffs with services, but rather "manages the 1915(b)/(c) Medicaid Waiver and serves as the payor for a network of private sector healthcare providers who provide services to enrollees." *See* Decl. of Pamela Shipman [D.E. 41] ¶ 7.

The PBH Defendants further reject the Plaintiffs' core argument, which is that these reductions in their Support Needs Matrix budgets entitled them to some federal constitutional, statutory, and/or regulatory due process rights which they were not afforded. As discussed in the PBH Defendants' Answer to Plaintiffs' Complaint, and as will be discussed more fully in the PBH Defendants' Response to Plaintiffs' Motion for Preliminary Injunction when briefing on that motion resumes, the things about which the Plaintiffs claim to have due process rights (their SIS score, their assignment to a Support Needs Matrix category, the setting of a SNM budget for their category) are not "actions" that give rise to an appeal (i.e., due process rights) under the federal regulations governing PBH's operation as a managed care Medicaid organization. An "appeal" is required only when PBH takes an "action," as those terms are defined in 42 C.F.R. § 438.400(b).

In the instances where PBH has taken an "action" that triggers due process rights with respect to one of the Plaintiffs, PBH has appropriately issued that Plaintiff a written notice of the action and apprised her of her due process rights. Indeed, in November 2011, PBH took an "action" in denying, in part, the proposed Individual Service Plan ("ISP") for Plaintiff Allison Taylor Johns for the plan year 11/1/11 through 10/31/12. PBH issued Ms. Johns a notice of her due process rights, and Ms. Johns has exercised her due process rights and is presently appealing PBH's partial denial of her proposed ISP in the North Carolina Office of Administrative Hearings, Case No. 11 MED 13784. (Presumably this is the reason why Plaintiff Allison Taylor Johns did not join in the moving Plaintiffs' Motion for Temporary Restraining Order.) PBH has not taken an "action" with respect to Plaintiffs K.C. or M.S. While PBH did take an "action" with respect to Plaintiff D.C. in June 2011 and issued him a notice of the decision and apprised him of his appeal rights, D.C.'s guardian mooted his appeal by submitting a new update to his ISP, which was approved by PBH in whole, and was thus not an "action."

The underlying reason for the Court's stay of the briefing on the Motion for Preliminary Injunction has not changed. At present, Plaintiffs are still seeking to disqualify PBH Defendants' selected counsel in this action, and until that issue is resolved by the Court, further briefing on the substantive issues raised in Plaintiffs' Motion for Preliminary Injunction is inappropriate. Until the Court has resolved the motion to disqualify counsel, the PBH Defendants will not know which counsel may participate in the defense of this case, including the motions for injunctive relief.

Further, while the Plaintiffs have known that there would be additional reductions in their respective Support Needs Matrix budgets effective January 1, 2012 for at least 8 months, the moving Plaintiffs have waited until the last minute to bring the instant motion. The Plaintiffs' delay has created a significant difficulty on the PBH Defendants to respond to the instant motion, and indeed this appears to have been part of Plaintiffs' strategy. PBH's offices will be closed on December 26-27 for the Christmas holiday, and PBH employees who would be necessary to fully respond to the instant motion will be out of the office. Counsel's law offices will likewise be closed during the Christmas holidays. Further, at least one of the undersigned counsel will be out of the State for 10 days beginning December 23, making participation in the response and hearing on this matter difficult.

## CONCLUSION

As set forth above, the moving Plaintiffs' Motion for Temporary Restraining Order is a procedurally inappropriate attempt to circumvent the Court's stay of the briefing on Plaintiffs' Motion for Preliminary Injunction. The purported exigent circumstance justifying this extraordinary remedy is a planned January 1, 2012 reduction in certain Plaintiffs' respective

Support Needs Matrix budget which was announced in March 2011, and which formed the basis for Plaintiffs' Motion for Preliminary Injunction in August 2011.

The PBH Defendants respectfully request that the Court deny the moving Plaintiffs' Motion for Temporary Restraining Order as improperly brought. Alternatively, the PBH Defendants respectfully request that the Court deny the moving Plaintiffs' request for a telephone hearing on the instant motion during the week of December 26, 2011, and instead incorporate the instant motion with Plaintiffs' already-filed Motion for Preliminary Injunction, the briefing on which will remain stayed until the Court has decided Plaintiffs' Motion to Disqualify Counsel. Alternatively, if the Court will grant the moving Plaintiffs' request for a telephone hearing during the week of December 26, 2011, the PBH Defendants respectfully request that the Court set that hearing for Friday, December 30, 2011 to allow the PBH Defendants sufficient time to prepare and file a full response to the instant motion.

Respectfully submitted, this the 21st day of December, 2011.

NELSON MULLINS RILEY & SCARBOROUGH LLP


By: */s/ Stephen D. Martin*
Wallace C. Hollowell III
N.C. State Bar No. 24304
Stephen D. Martin
N.C. State Bar No. 28658
4140 Parklake Avenue, Suite 200
Raleigh, NC  27612
Telephone: (919) 877-3800
Facsimile: (919) 877-3799
E-Mail Address:  chuck.hollowell@nelsonmullins.com
E-Mail Address:  steve.martin@nelsonmullins.com


Raboteau T. Wilder, Jr.
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One Wells Fargo Center, Suite 3500
301 South College Street

Charlotte, NC 28202-6037
Telephone: (704) 331-4932
Facsimile: (704) 444-8165

E-Mail Address: rwilder@wcsr.com

*Counsel for Defendants Pamela L. Shipman and PBH*

# CERTIFICATE OF SERVICE

I, the undersigned attorney of the law offices of Nelson Mullins Riley & Scarborough LLP, attorneys for Defendants Shipman and PBH do hereby certify that on December 21, 2011, I electronically filed the foregoing DEFENDANTS PAMELA L. SHIPMAN AND PBH'S INITIAL RESPONSE TO CERTAIN PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER [D.E. 70] with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- John R. Rittelmeyer (john.rittelmeyer@disabilityrightsnc.org)
- Jennifer L. Bills (jennifer.bills@disabilityrightsnc.org)
- Morris F. McAdoo (morris.mcadoo@disabilityrightsnc.org)
- Douglas S. Sea (dougs@lssp.org)
- Jane Perkins (perkins@healthlaw.org)

*Attorneys for the Plaintiffs*

- Belinda A. Smith (bsmith@ncdoj.gov)

*Attorney for Defendant Lanier Cansler*

NELSON MULLINS RILEY & SCARBOROUGH LLP

*/s/ Stephen D. Martin*
Stephen D. Martin
N.C. State Bar No. 28658
4140 Parklake Avenue, Suite 200
Raleigh, NC 27612
Telephone: (919) 877-3800
Facsimile: (919) 877-3799

E-Mail Address: steve.martin@nelsonmullins.com

*Counsel for Defendants Pamela L. Shipman and PBH*