IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-354-FL

| | |
|---|---|
| L.S., a minor child, by and through his father and next friend, Ron S.; K.C., a minor child, by and through his mother and next friend, Africa H.; ALLISON TAYLOR JOHNS; and D.C., a minor child, by his mother and next friend, Penny C.;<br><br>    Plaintiffs,<br><br>M.S., a minor child, through his parent and natural guardian, Rachelle S.,<br><br>    Intervenor Plaintiff,<br><br>v.<br><br>LANIER M. CANSLER, in his official capacity as Secretary of the Department of Health and Human Services; PAMELA SHIPMAN, in her official capacity as Area Director of Piedmont Behavioral Health Care Area Mental Health, Developmental Disabilities, and Substance Abuse Authority; and PIEDMONT BEHAVIORAL HEALTHCARE AREA MENTAL HEALTH, DEVELOPMENTAL DISABILITIES AND SUBSTANCE ABUSE AUTHORITY doing business as PBH,<br><br>    Defendants. | ORDER |

This matter comes before the court on class action complaint filed July 5, 2011, wherein plaintiffs K.C., D.C., and intervenor plaintiff M.S. ("moving plaintiffs") request temporary, preliminary, and permanent injunctive relief. Moving plaintiffs recently renewed motion for

temporary restraining order (DE # 70), with supporting affidavits and accompanying memorandum, to which defendants have responded in opposition. Reply now has been made. Interspersed among the filings in the case are those pertaining to plaintiffs' earlier filed motion to disqualify certain defense counsel, referred to the magistrate judge, on which hearing will be undertaken tomorrow. Also pending is the motion for preliminary injunction, on which briefing has been stayed pending decision on the motion to disqualify, together with motion to certify the class, both of which were filed in August of this year. This order addresses the narrow issue of plaintiffs' entitlement to the restraints on defendants requested in that motion filed December 20, 2011.

## BACKGROUND

The moving plaintiffs seek to enjoin defendants from further reducing their Medicaid services effective January 1, 2012, without first providing plaintiffs with notice and opportunity for a hearing to contest the service reductions. Moving plaintiffs contend that on or about January 1, 2012, defendants will impose additional reductions in necessary services for M.S., D.C., and K.C. Moving plaintiffs contend that defendants refused their requests to rescind the proposed reductions.[1] Moving plaintiffs contend they are suffering irreparable harm and are imminently threatened with immediate and severe additional irreparable harm unless the proposed reductions to their services are temporarily enjoined. Moving plaintiffs request a telephonic hearing to be held this week on the motion.

---

[1] In their response, defendants argue that plaintiffs have been aware of the proposed January 2012 reductions since as early as spring 2011. In reply, plaintiffs argue that their efforts to get defendants to rescind the proposed 2012 cuts have been unsuccessful, and that plaintiffs believed the stay currently in place on briefing for the motion for preliminary injunction would have been lifted sooner.

COURT'S DISCUSSION

To obtain such relief, plaintiffs must demonstrate that they are likely to succeed on the merits, that they will likely suffer irreparable harm in the absence of an injunction, that the balance of equities tip in their favor, and that an injunction is in the public interest. See Winter v. Natural Resources Defense Council, 555 U.S. 7, 129 S. Ct. 365, 374 (2008). Additionally, a court may issue a temporary restraining order without notice to the opposing party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).[2]

Plaintiffs have not satisfied the requirements of Winter or Rule 65(b)(1) at this juncture. The court cannot conclude that plaintiffs have demonstrated a likelihood of success on the merits, that the balance of equities tips in their favor, or that a temporary injunction is in the public interest. It appears plaintiffs are continuing to receive services, albeit with reduced budgets, and a generalized fear that plaintiffs' conditions are "likely to regress" at these lower funding levels is insufficient by itself to warrant the extraordinary relief sought.[3] Accordingly, plaintiffs' renewed request for

---

[2] For a defendant to have "notice," he or she must be given a fair opportunity to oppose the motion and prepare for such opposition. See Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411, 422 (4th Cir. 1999) (citing Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 433 n.7 (1974)). Here, defendants did respond in filing entered onto the docket on December 21, 2011. However, such filing was entitled the defendants' "initial" response, suggesting that defendants require more time to prepare a more lengthy response. The court also notes that defendants PBH and Shipman filed their answer on December 27, 2011, while defendant Cansler has received an extension of time to file answer until January 11, 2012.

[3] As with the prior motion for temporary restraining order, for plaintiffs to obtain temporary emergency injunctive relief, the court would have to assume that the deterioration plaintiffs predict would occur between now and the time by which defendants could respond to the motion for preliminary injunction. While plaintiffs' materials in support of the instant motion suggest that there has been some regression for some moving plaintiffs since prior reductions in services were made in spring and summer of 2011, there is also discussion that at least some moving plaintiffs are generally doing well. (See, e.g., West Decl. ¶ 12, Penny C. Decl. ¶ 11, Stitt Decl. ¶ 8). Thus, the court is unwilling

3

temporary injunctive relief is denied.

## CONCLUSION

For reasons given, moving plaintiffs' request for temporary restraining order (DE # 70) is DENIED. Preliminary injunctive relief, of course, remains available to plaintiffs, upon the proper showing. The stay currently in place promptly shall be lifted upon decision on the motion to disqualify counsel. Upon decision by the magistrate judge, the parties immediately shall confer (with benefit of new counsel, should defense counsel be disqualified), and determine three alternative dates of availability for conduct of administrative conference by telephone before the undersigned to discuss parameters of a briefing schedule on motions for preliminary injunction and class certification. Notice of said dates and times agreed to shall be provided by counsel to the case manager together with contact information for lead counsel. The court will endeavor to make itself available at one of the times proposed.

SO ORDERED, this the 28th day of December, 2011.

_____
LOUISE W. FLANAGAN
United States District Judge

---

to make the assumption that denial of the instant motion will cause immediate, irreparable harm before the motion for preliminary injunction can be fully briefed and considered.

4