IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-354-FL

| | |
|---|---|
| L.S., a minor child, by and through his father and next friend, Ron S.; K.C., a minor child, by and through his mother and next friend, Africa H.; ALLISON TAYLOR JOHNS; and D.C., a minor child, by his mother and next friend, Penny C.;<br><br>    Plaintiffs,<br><br>M.S., a minor child, through his parent and natural guardian, Rachelle S.;<br><br>    Intervenor Plaintiff,<br><br>    v.<br><br>LANIER CANSLER, in his official capacity as Secretary of the Department of Health and Human Services; PAMELA SHIPMAN, in her official capacity as Area Director of Piedmont Behavioral Health Care Area Mental Health, Developmental Disabilities, and Substance Abuse Authority; and PIEDMONT BEHAVIORAL HEALTHCARE AREA MENTAL HEALTH, DEVELOPMENTAL DISABILITIES AND SUBSTANCE ABUSE AUTHORITY doing business as PBH,<br><br>    Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>ORDER<br><br><br><br> |

This matter comes before the court on Plaintiffs' *Renewed Motion to Place Documents Under Seal* [DE-68]. The documents at issue include three affidavits [DE-43, 44, 45] filed by Defendant PBH in its response to Plaintiffs' motion to disqualify counsel. According to Plaintiffs' motion, counsel for Defendants do not consent to Plaintiffs' motion but do not intend to file opposition to the motion. A hearing was held on December 29, 2011 in connection with

Plaintiffs' pending motion to disqualify counsel and the court heard further argument from Plaintiffs' counsel at that time. Defendants did not offer argument.

Before granting a motion to seal, the court must first give the public notice and a reasonable opportunity to challenge the motion and then examine the public's right to access in conformity with *Stone v. Univ. of Md Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988). If the court finds that the public's right to access is outweighed by another significant interest, then the court must consider whether there are less drastic alternatives to sealing. *Id.* In furtherance of this directive from the Fourth Circuit, this court has promulgated Local Rules and procedures related to the filing of sealed material. *See* Local Civil Rule 79.2 and Elec. Case Filing Admin. Policies and Procedures Manual, § T(1)(a)1-7 (Rev. Jan. 25, 2010).

Plaintiffs' motion asks the Court to seal three affidavits [DE-43, 44, 45] filed by Defendant PBH in its response to Plaintiffs' motion to disqualify counsel, together with certain exhibits to these three affidavits. Plaintiffs' motion to seal asserts that these affidavits and exhibits include or comprise impressions and statements made by Plaintiffs' counsels, Mr. Doug Sea and Ms. Jane Perkins, and such communications constitute attorney work-product and are to be protected under the work-product doctrine.

The Court finds that the affidavits and exhibits [DE-43, 44, 45] contain communications that are protected under the work-product doctrine. *See United States v. Nobles*, 422 U.S. 225, 238 (1975) (Explaining the work-product doctrine generally protects "the mental processes of the attorney, providing a privileged area within which he can analyze an prepare his client's case."); *Republican Party of North Carolina v. Martin*, 136 F.R.D. 421, 429 (E.D.N.C. 1991) ("The writing of an attorney is a 'mental impression' of that attorney"; . . . "[a]n attorney's legal

2

'impressions' and 'theories' include his tactics, strategy, opinions, and thoughts.") (internal citations omitted). The risk of releasing any protected communications outweighs any public right to access and the alternatives to placing the documents under seal are inadequate. Accordingly, for the reasons set forth in Plaintiffs' memorandum of law in support of the motion, the court finds good cause to allow Plaintiffs' motion to seal the Affidavit of Reid C. Adams [DE- 43] in its entirety and Exhibits F and G to the affidavit [DE- 43-6 and DE-43-7], the Affidavit of Murray C. Greason, III [DE-44] in its entirety and Exhibits E and F to the affidavit [DE-44-5 and DE-44-6], and the Affidavit of David J. Mazza [DE-45] in its entirety and Exhibits E and F to the affidavit [DE-45--5 and DE-45-6].

So ordered, this the 29th day of December, 2011.

Robert B. Jones, Jr.
United States Magistrate Judge