IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-354-FL

| | |
|---|---|
| L.S., a minor child, by and through his father and next friend, Ron S.; K.C., a minor child, by and through his mother and next friend, Africa H.; ALLISON TAYLOR JONES; D.C., a minor child, by his mother and next friend, Penny C., and M.S., a minor child, through his parent and natural guardian, Rachelle S., )<br><br>Plaintiffs, )<br><br>v. )<br><br>LANIER M. CANSLER, in his official capacity as Secretary of the Department of Health and Human Services; PAMELA SHIPMAN, in her official capacity as Area Director of Piedmont Behavioral Health Care Area Mental Health, Developmental Disabilities, and Substance Abuse Authority; and PIEDMONT BEHAVIORAL HEALTHCARE AREA MENTAL HEALTH, DEVELOPMENTAL DISABILITIES AND SUBSTANCE ABUSE AUTHORITY doing business as PBH, )<br><br>Defendants. ) | ORDER |

This matter comes now before the court on plaintiffs' motion to dismiss defendants' appeal (DE # 92), filed January 25, 2012. Also before the court are plaintiffs' motions to seal (DE # 91) and for extension of time to file response (DE # 96).

Magistrate Judge Robert B. Jones, Jr. entered written order on January 10, 2012, granting plaintiffs' motion to disqualify counsel. Defendants Pamela Shipman and Piedmont Behavioral Healthcare Area Mental Health, Developmental Disabilities and Substance Abuse Authority d/b/a

PBH ("PBH") filed appeal of the magistrate's order on January 24, 2012. Plaintiffs move to dismiss the appeal as untimely and argue that the fourteen (14) day limitations period of Federal Rule of Civil Procedure 72(a) and Local Civil Rule 72.4(a) should toll from December 29, 2011, date of the magistrate's oral order, rather than January 10, 2012, date of entry of the written order. Having reviewed plaintiffs' motion and memorandum in support, where the magistrate informed the parties at hearing that a written order would follow "so that the parties can take whatever action they wish to take," Hr'g Tr. 67:22-23, the court finds that entry of the written order was the operative date for purposes of Rule 72(a). Written order entered January 10, 2012, and defendants filed appeal within fourteen days on January 24, 2012. Accordingly, defendants' appeal was timely, and plaintiffs' motion to dismiss is DENIED.

Plaintiffs also move for extension of time to respond to defendants' appeal. They request twenty-one (21) days following the court's ruling on their motion to dismiss to respond to defendants' appeal. Neither Rule 72(a) nor Local Rule 72.4(a) sets forth a deadline for responding to a party's objections to a magistrate's order on a nondispositive matter. The 1983 Advisory Committee Note to Rule 72(a) provides, however, that opportunity for such a response is contemplated. Where expedient resolution of this matter is in the interest of all parties involved, the court DENIES plaintiffs' request for extension but allows plaintiffs ten (10) days from entry of this order to respond to defendants' appeal.

Finally, plaintiffs' motion to seal (DE # 91), to which defendants consent, is GRANTED for good cause shown.

SO ORDERED, this the 27th day of January, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge

3