IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-354-FL

| | |
|---|---|
| L.S., a minor child, by and through his father and next friend, Ron S.; K.C., a minor child, by and through his mother and next friend, Africa H.; ALLISON TAYLOR JOHNS; and D.C., a minor child, by his mother and next friend, Penny C.;<br><br>          Plaintiffs,<br><br>M.S., a minor child, through his parent and natural guardian, Rachelle S.,<br><br>          Intervenor Plaintiff<br><br>         v.<br><br>ALBERT A. DELIA, in his official capacity as Secretary of the Department of Health and Human Services; PAMELA SHIPMAN, in her official capacity as Area Director of Piedmont Behavioral Health Care Area Mental Health, Developmental Disabilities, and Substance Abuse Authority; and PIEDMONT BEHAVIORAL HEALTHCARE AREA MENTAL HEALTH, DEVELOPMENTAL DISABILITIES AND SUBSTANCE ABUSE AUTHORITY doing business as PBH,,<br><br>          Defendants. | INITIAL ORDER REGARDING PLANNING AND SCHEDULING |

This matter comes before the court on its own initiative where plaintiffs' motion for preliminary injunction and motion for class certification were granted on March 29, 2012, and need for case scheduling order now arises. Pursuant to Federal Rule of Civil Procedure 26(f), the court sets the following deadlines and requirements for conference activities, initial disclosures, and submission of the parties' joint status report and proposed plan for discovery.

I.  Rule 26(f) Conference

**The Rule 26(f) conference must occur on or before twenty-one (21) days from entry of this order.** The parties through counsel jointly are responsible for arranging the conference and for attempting in good faith to agree on a proposed plan for completion of discovery, filing of motions, pretrial and trial activities, and other matters addressed in this order.

II.  Initial Disclosures

**Mandatory initial disclosures required by Rule 26(a)(1) must be made within fourteen (14) days after the Rule 26(f) conference**, unless (a) a different time is set by stipulation of the parties or court order; or (b) a party objects during the Rule 26(f) conference and states the objection and the response thereto in the report and plan filed with the court. Absent a stipulation or court order, any party first served or otherwise joined after the conference must make these disclosures within thirty (30) days after being served or joined. Failure to disclose information required by Rule 26(a) or 26(e)(1) may subject the offending party or parties to sanctions pursuant to Rule 37. In order to facilitate settlement negotiations and to avoid unnecessary expense, the parties may agree that, without any need for formal requests for production, copies of the various documents and/or electronically stored information described in the parties' Rule 26(a)(1) disclosures shall be exchanged or made available for inspection and copying by a date certain.

III.  **Joint Report and Plan**

**The report and plan shall be filed with the court within fourteen (14) days after the conference.** The report and plan shall inform of the date on which the Rule 26(f) conference took place, persons participating therein, list all persons serving as lead counsel who are required to attend the Rule 16(b) telephone conference to which reference is made in Section IV below, and provide telephone numbers for these individuals. The following must be considered at the Rule 26(f) conference and also included in the report and plan:

- A. Discussion of the nature and complexity of the case.[1] This shall be presented in the form of a brief statement which contains information from all parties and presents their respective positions including:
    1. The asserted basis for the court's subject matter jurisdiction;
    2. The most important or key factual issues and legal issues that are believed to be involved in the case; and
    3. A breakdown of damages and relief sought.
- B. Specific information concerning the parties' plan for discovery, including:
    1. The subjects on which discovery may be needed;
    2. Whether discovery shall be conducted in phases and/or limited to or focused upon particular issues;

---

[1] Routine cases generally subscribe to a track which permits disposition within twelve (12) to fourteen (14) months after the filing of the complaint, where parties are joined within two months after conference, any amendments to pleadings as of right or subject to motion are made within two months, initial motions to dismiss are made within three months, all discovery is completed within six to eight months after conference, and dispositive motions filed within one month after the close of discovery, also in accordance with Local Civil Rule 7.1(a). A complex case subscribes to an extended track, taking into consideration large numbers of parties, large numbers of claims and defenses, highly technical issues and proof, multiple experts, greater than normal amounts of documents and evidence, and/or necessity for an extended period of discovery. A complex case contemplates trial within sixteen (16) to eighteen (18) months of the filing of the complaint.

3

3. The categories of discovery to be utilized by the parties, and proposed limitations;

4. Whether there are any issues relating to disclosure or discovery of electronically stored information, including issues as to the form(s) in which such information shall be produced;

5. Whether there are any issues relating to claims of privilege or of protection as trial-preparation material;

6. The date on which all discovery shall be concluded; and

7. Whether any particular discovery problems are anticipated.

C. Proposed deadlines in addition to the deadline for discovery mentioned above, including for:

1. Disclosure of expert witness information where appropriate;

2. Joining additional parties;

3. Amending pleadings;

4. Filing of all motions, including preliminary and dispositive ones (except motions in limine). The court shall be advised at conference whether there are preliminary matters which may require early disposition;

5. Setting of the pretrial conference; and

6. Establishment of the trial date (the parties shall inform whether the trial will be jury or non-jury). The court expects to set a definite trial date for this case which does not conflict with criminal case settings. When addressing the proposed trial date, counsel may inform of

4

complications requested to be considered in this setting.

D. The possibility of settlement and the parties' information concerning which procedure (mediated settlement conference, arbitration, summary trial, or other) is appropriate. See Local Civil Rule 101 et seq.

    1. Although this case is not automatically selected for mediated settlement conference, the court in its discretion orders mediated settlement conference to occur in this case before the close of discovery. See Local Rule 101.a(c). The parties shall in accordance with Local Civil Rule 101.1a(b), discuss their mediation plans at the Rule 26(f) conference and report their plans in the joint report and plan. Any request for exemption from automatic mediation shall be raised in the joint report and plan, instead of by motion as contemplated by Local Civil Rule 101.a(e).

E. The parties' position on whether a magistrate judge may conduct all proceedings, including trial and entry of judgment, pursuant to 28 U.S.C. § 636(c) (including entry of final judgment, with any appeal directly to the Fourth Circuit Court of Appeals), and Local Civil Rule 73.1. Answer Yes or No only.

F. Whether either party requests that a Rule 16(b) FED. R. CIV. P., pretrial conference be scheduled in the case, prior to entry by the court of its case management order.

G. Absent request for a Rule 16(b) pretrial conference at this juncture in the case, a case management order shall be entered immediately after receipt and consideration of the parties' joint report and plan, and the issues raised in the pleadings. Case deadlines

established among the terms of the order will not be altered by the court absent extenuating circumstances.

H. If another case is pending of or relating to the instant matter, raising potential issues of consolidation or assignment, the report also shall provide notice of this. The parties shall identify the other case(s), and provide their position as to whether consolidation of the actions is or may become appropriate, and/or whether assignment now of related cases to a single judge is likely to result in administrative efficiencies.

I. Any scheduling issue affecting counsel or the parties. This report affords the opportunity to announce compelling personal or professional considerations, as appropriate, which may affect the scheduling or course of proceedings.

If the parties have made a good faith attempt to confer and submit a joint discovery plan, but have been unable to do so, the parties shall file separate plans within the allotted time period, each of which must include the parties' respective positions and information as would be included in a joint report.

## IV. Motion to Seal

The court also notes plaintiffs' pending motion to seal at docket entry 99. For good cause shown, plaintiffs' motion (DE # 99) is GRANTED.

SO ORDERED, this the 3rd day of April, 2012.

LOUISE W. FLANAGAN
United States District Court Judge